

Donald J. Sullivan, Esq.
Sullivan Law Offices, P.C.
P.O. Box 1854
Cheyenne WY 82003
(307) 634-0112
Attorney for Plaintiffs

FILED
DISTRICT OF WYOMING
CHEYENNE

2001 AUG 17 PM 3: 19

CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

ROGER MacDONALD-EVOY and )
KATHLEEN MacDONALD-EVOY, )
)
Plaintiffs, )     Civil No. 2001- CV-____
)
vs. )     01CV 147 J
)
MARTIN L. TUBACH, M.D. )
)
Defendant. )

Plaintiffs, complaining against Defendants, allege:

FIRST CAUSE OF ACTION

1. Plaintiffs are citizens of the State of Wyoming. Defendant is a citizen of the State of Idaho. There exists complete diversity of citizenship between Plaintiffs and Defendants.

Receipt # 295381
Summons: _X_ issued
         ___ not issued

2. The amount in controversy in this action, exclusive of costs and interest, exceeds seventy five thousand dollars ($75,000.00).

3. The events giving rise to this action occurred in Laramie County, Wyoming.

4. This Court has jurisdiction over the parties and over this action pursuant to 28 U.S.C. §1332(a)(1).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

6. At all times pertinent to this action Defendant Tubach was and is a physician and medical doctor, holding himself out to be a specialist in otolaryngology, also known as "ear, nose and throat" (ENT) surgery, and particularly in the field of endoscopic sinus surgery ("ESS").

7. On August 18, 1999, Defendant Tubach attempted to perform repeat endoscopic sinus surgery on his patient, Plaintiff Roger MacDonald-Evoy, in what was supposed to be a same-day surgical procedure.

8. Defendant Tubach had the legal duty to perform the surgery with care and attention, and in a manner consistent with good practice by qualified ENT physicians.

9. In the course of the ESS, Defendant Tubach attempted to make an opening

between the patient's sinus and nasal cavity, and subsequently to place a stent (a mechanical device often called a "tube") in the opening for the purpose of keeping the opening patent.

10. In the course of the ESS, Defendant Tubach instead negligently drilled a hole into and through the patient's cribriform plate, which is the bony plate separating the sinuses from the brain itself.

11. Defendant Tubach then negligently pushed his drill into the patient's brain itself, and drilled out tissue from the brain itself.

12. Defendant Tubach then negligently placed a stent in the hole he had made in the patient's cribriform plate, so that the hole thus made would, and did, remain open.

13. By making the hole in the patient's cribriform plate and drilling into the patient's brain, and by drilling into the brain itself, Defendant Tubach caused bleeding inside the patient's brain.

14. By making the hole in the patient's cribriform plate and drilling into the patient's brain, and by drilling into the brain itself, Defendant Tubach caused air to be introduced into the patient's brain.

15. By making the hole in the patient's cribriform plate and drilling into the patient's brain, and by drilling into the brain itself, Defendant Tubach caused fluid to accumulate in the patient's brain.

16. As a direct consequence of the penetration of the cribriform plate and of the drilling of the tissue of the brain itself, and of the resulting induction of bleeding inside the brain and introduction of air and fluid into the brain, a portion of the tissue of the patient's brain was destroyed.

17. Defendant Tubach failed to recognize that he had penetrated the cribriform plate.

18. Defendant Tubach failed immediately to correct his penetration of the cribriform plate.

19. Defendant Tubach failed to halt his penetration of the cribriform plate but, instead, continued drilling onward into the patient's brain.

20. Defendant Tubach failed to recognize that he was drilling into the patient's brain.

21. Defendant Tubach negligently caused the hole he had made in the cribriform plate to be held open by a mechanical stent which he erroneously placed

into and through the cribriform plate.

22. Rather than being sent home after the planned "same-day surgery," the patient had to be, and was, kept in the hospital for approximately three weeks, during most of which period he was in the Intensive Care Unit, and during all of which period he was suffering agonal headaches as a consequence of the damage done to his brain.

23. Throughout the period of hospitalization Defendant Tubach hoped that the hole in the cribriform plate would somehow seal itself.

24. After approximately three weeks Defendant Tubach discharged the patient from the hospital.

25. Shortly thereafter the patient, Plaintiff Roger MacDonald-Evoy, returned to the office of Defendant Tubach and reported that he was continuing to suffer from agonal headaches and that he was experiencing a flow of clear liquid from his nose.

26. Defendant Tubach failed to culture or examine the clear liquid that was flowing from the patient's nose.

27. The patient subsequently went to another ENT physician and reported his symptoms. The second ENT physician immediately took steps to culture and analyze

the clear liquid that was leaking from the patient's nose.

28. The clear liquid that was leaking from the patient's nose was cerebrospinal fluid (CSF).

29. The second ENT physician made arrangements for the damage to the patient's cribriform plate to be treated surgically at the Barrows Neurosurgical Institute in Phoenix, Arizona, a facility which specializes in the treatment of brain injuries.

30. The patient underwent corrective surgery at the hands of surgeons at the Barrows Neurosurgical Institute in Phoenix, Arizona, for repair of the hole in the cribriform plate which Defendant Tubach had made.

31. Defendant Tubach's treatment of his patient, Plaintiff Roger MacDonald-Evoy, was negligent.

32. Defendant Tubach's negligence included, without limitation, the following:
    a) failing to understand and recognize the anatomy of the skull;
    b) failing to recognize the cribriform plate;
    c) penetrating the cribriform plate;
    d) failing to realize that he had penetrated the cribriform plate;
    e) pushing his drill into, and beyond, the cribriform plate and into the

brain itself;

 f) failing to recognize that he was drilling into the patient's brain;

 g) failing to repair promptly the hole he had made in the cribriform plate;

 h) placing a stent in the hole he had made in the cribriform plate;

 i) failing to diagnose or even to examine the clear liquid which was leaking from the patient's nose under circumstances where the likelihood of CSF leakage was high;

 j) failing to obtain appropriate preoperative radiology studies;

 k) failing to recognize, diagnose or treat the injuries to the cribriform plate and to the brain itself;

 l) failing to obtain appropriate postoperative diagnostic studies to be able to evaluate accurately the status of the cribriform plate and brain; and

 m) other and diverse negligence in the circumstances.

33. As a direct consequence of Defendant Tubach's negligence, Plaintiff Roger MacDonald-Evoy has been seriously injured.

34. Plaintiff Roger MacDonald-Evoy's injuries include, but are not limited to, the following:

 a) substantial medical and associated expenses, past and future;

 b) lost income, past and future;

 c) loss of earning capacity;

 d) great physical pain;

e) significant emotional suffering;

f) change and alteration of personality;

g) loss and impairment of cognitive ability;

h) disability;

I) scarring and disfigurement;

j) loss and diminution of the enjoyment of life; and

k) other injuries and damages in the premises.


35. Upon information and belief, all of Plaintiff Roger MacDonald-Evoy's injuries and damages are permanent, and will continue throughout his lifetime.

36. As a result of said injuries, Plaintiff Roger MacDonald-Evoy has received (and in the future will continue to receive) medical and hospital care and treatment furnished by the United States of America. Plaintiff Roger MacDonald-Evoy, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. 2651-2653, and/or 10 U.S.C. §1095, and with its express consent, asserts a claim for the reasonable value of said past and future care and treatment.

37. Plaintiff Kathleen MacDonald-Evoy is and at all relevant times has been the wife of Plaintiff Roger MacDonald-Evoy.

38. Plaintiff Kathleen MacDonald-Evoy has been injured and damaged as a direct consequence of the negligence of Defendant Tubach.

39. As a direct consequence of the negligence of Defendant Tubach, Plaintiff Kathleen MacDonald-Evoy has suffered a loss and diminution of the enjoyment of life, and has lost to a substantial extent the care, comfort and society of her husband.

40. Upon information and belief, all of Plaintiff Kathleen MacDonald-Evoy's injuries and damages are permanent.

## SECOND CAUSE OF ACTION

41. Plaintiffs reiterate each allegation made above as though set forth in full.

42. Defendant Tubach knew, or reasonably should have known, that the procedure he hoped to perform carried a high risk of penetration of the cribriform plate with attendant traumatic damage to the brain and the structures associated with the brain within the skull.

43. Defendant Tubach knew, or reasonably should have known, that penetration of the cribriform plate carried significant risk of damage to and destruction of the tissues of the brain and severe resulting sequelae.

44. Defendant Tubach had a duty to inform Plaintiff Roger MacDonald-Evoy in a meaningful and direct way of the risks and dangers associated with the procedure

he hoped to perform, of the significance and risk of penetration of the cribriform plate, and of the attendant traumatic damage to the brain and related structures and the attendant resulting sequelae.

45. Defendant Tubach negligently failed to disclose in a meaningful or direct way the significant risks associated with the procedure he hoped to perform upon Plaintiff Roger MacDonald-Evoy, and negligently failed to disclose in a meaningful or direct way the nature, extent and severity of the potential resulting sequelae.

46. Defendant Tubach negligently failed to disclose to Plaintiffs that there were other available techniques and methodologies available, including but not limited to treatment by medication, which did not carry with them risks and dangers of the seriousness of the procedure selected by Defendant Tubach.

47. Defendant Tubach negligently failed to obtain the meaningfully-informed consent of the patient, Plaintiff Roger MacDonald-Evoy,

48. Plaintiffs were injured and damaged by the failure of Defendant Tubach to provide full disclosure of the risks associated with the procedure he hoped to perform and by his failure to obtain meaningfully informed consent.

WHEREFORE Plaintiffs demand judgment against Defendant Tubach for money damages in such amount above the jurisdictional threshold of this Court as the trier of fact determines to be just and proper; for the costs and disbursements of this action; and for such additional relief as may be just and proper in the circumstances.

ROGER MacDONALD-EVOY and
KATHLEEN MacDONALD-EVOY,
Plaintiffs, by:

Donald J. Sullivan, Esq.
Sullivan Law Offices, P.C.
P.O. Box 1854
Cheyenne WY 82003
(307) 634-0112
Attorney for Plaintiffs